UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAMON ORTIZ,
    Plaintiff,

v.

LEO ARNONE, et. al.,
    Defendants.

PRISONER CASE NO
3:12-cv-1471 (JCH)

NOVEMBER 2, 2012

FILED
2012 NOV -8  A 10: 51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## INITIAL REVIEW ORDER

The plaintiff, Ramon Ortiz Hines, currently incarcerated at the Northern Correctional Center in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Leo Arnone, Mark Frayne, Gerard Gagne, and Correctional Officers Rutkowski and A. Amaral.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S.

at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that he attempted to commit suicide on four occasions, including January 3, 2012, and August 13, 2012, because defendants Frayne and Gagne denied him mental health treatment and encouraged him to commit suicide. On January 3, 2012, the plaintiff tied a sheet around his neck and tried to hang himself from the ladder to the upper bunk in his cell. Defendants Rutkowski and Amaral responded to the plaintiff's cell and used excessive force against him. The plaintiff wrote a letter to defendant Arnone about the incident.

Defendant Arnone is a supervisory official. Supervisors are not automatically liable when their subordinates commit a constitutional tort. To establish a claim for supervisory liability against defendant Arnone, the plaintiff must show that defendant Arnone (1) directly participated in the constitutional violation; (2) failed to remedy a wrong after being informed through a report or appeal; (3) created a policy or custom that sanctioned conduct amounting to a constitutional violation or allowed such a poly or custom to continue; (4) was grossly negligent in supervising subordinates who committed a violation; or (5) failed to act on information indicating that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). Merely writing him a letter outside the grievance process is not enough. See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (receipt of letter insufficient to support finding of supervisory liability); see also Manley v. Mazzuca, 2004 WL 253314, at *2 (S.D.N.Y.

2

Feb. 4, 2004) (refusing to dismiss supervisory liability claim because the defendant's involvement arose in the context of plaintiff's internal grievance appeal). The only allegation against defendant Arnone is that the plaintiff wrote to him. Because this is insufficient to state a claim for supervisory liability, the claims against defendant Arnone are dismissed.

At this time, the case will proceed on the claims against defendants Frayne and Gagne for deliberate indifference to serious mental health needs and against defendant Rutkowski and Amaral for use of excessive force.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The claims against defendant Arnone are DISMISSED pursuant to 28 U.S.C. § 1915A.

(2)     The **Pro Se Prisoner Litigation Office shall** verify the current work address of each defendant, Frayne, Gagne, Rutkowski and Amaral, with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The **Pro Se Prisoner Litigation Office shall** prepare a summons form

and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants Frayne, Gagne, Rutkowski and Amaral in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14)** days from the date of this Order and to file returns of service within **twenty (20)** days from the date of this Order.

(4) The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **The defendants shall** file their response to the Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order. If they chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED.**

Dated this 2nd day of November 2012, at New Haven, Connecticut.

/s/ Janet C. Hall, USDJ

Janet C. Hall
United States District Judge